UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DISCOVER BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10CV1678 SNLJ |
| | ) | |
| STEVE HAYES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on the Court's own motion for remand to Missouri state court. This Court now determines that there exists no proper basis for it to exercise jurisdiction over this case, requiring remand to state court.

**I. Background**

On July 30, 2010, plaintiff Discover Bank filed this action in the Circuit Court of the Twenty-Fourth Judicial Circuit, St. Francois County, Missouri, alleging that defendant Steve Hayes failed to pay for charges on his credit card account. Plaintiff seeks $10,779.25 in damages plus 9.0% interest and $1,616.88 in attorney's fees. On September 10, 2010, defendant, acting pro se, removed the matter to this Court, asserting jurisdiction on the basis that the suit involves a federal question, 28 U.S.C. §§ 1331, 1441(b), in that his counterclaim against plaintiff arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). On November 1, 2010, plaintiff moved the Court to dismiss defendant's FDCPA counterclaim.

**II. Discussion**

The Court has the duty to determine its jurisdiction and to raise the issue <u>sua sponte</u> if

necessary. See James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 830 (8th Cir. 2005). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(b). The party seeking removal has the burden of establishing federal subject matter jurisdiction, In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993), and all doubts about federal jurisdiction must be resolved in favor of remand, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). In determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's well-pleaded complaint ("the well-pleaded complaint rule"). Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). Counterclaims, even if made under federal law, do not support removal based on federal subject matter jurisdiction. Holmes Grp. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). In the event that the federal court determines that it does not have subject matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

In this case, plaintiff's complaint seeks around $13,000.00 in damages and attorney's fees, alleging a breach of contract claim under Missouri common law. Defendant removed the case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant alleges that

2

this case concerns a question of federal law in that his counterclaim is brought under the FDCPA. As discussed above, federal subject matter jurisdiction cannot be based on a counterclaim. See Holmes, 535 U.S. at 830-32. Thus, defendant's asserted basis for removal is improper. To the extent the Court must look to plaintiff's complaint to test the propriety of removal even when defendant's asserted basis is improper, the Court does not have federal question jurisdiction over this case because plaintiff's claim arises under Missouri law, see id., and the Court clearly lacks diversity jurisdiction because plaintiff's complaint alleges much less than the $75,000.00 amount-in-controversy required for federal diversity jurisdiction. See Advance Am. Servicing of Ark. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008) (finding that the amount-in-controversy is determined by the value to the plaintiff of the right sought to be enforced in the plaintiff's complaint and that a federal court lacks diversity jurisdiction "if it appears to a legal certainty that the value of the claim is less than the required amount of $75,000").

**III. Conclusion**

Under the well-pleaded complaint rule, the Court lacks subject matter jurisdiction over this case, Holmes, 535 U.S. at 830-32, and it will be remanded pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Fourth Judicial Circuit Court of Missouri (St. Francois County) from which it was removed.

Dated this   8th   day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE

3